IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON CARTER,

                                                ORDER

                Petitioner,

                                                11-cv-221-bbc

    v.

RANDALL H. HEPP, Warden,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Johnson Carter, a prisoner at the Jackson Correctional Institution in Black River Falls, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because it seems that petitioner's petition is untimely, I will give him an opportunity to explain why the petition should not be dismissed with prejudice.

From the petition and court records available electronically, I find the following facts.

FACTS

Petitioner Johnson Carter pleaded no contest to 13 different charges in a consolidated criminal case in the Circuit Court for Marathon County, Wisconsin, and the judgment of

1

conviction was entered on March 15, 2004. Petitioner then filed several post conviction motions, which the circuit court denied. Petitioner appealed, and on December 28, 2005, the Wisconsin Court of Appeals affirmed both the judgment of conviction and the denial of his post conviction motions. Petitioner filed a petition for review in the Wisconsin Supreme Court, which was denied on February 27, 2006. Petitioner did not seek review in the United States Supreme Court.

In August 2006, petitioner requested a post conviction hearing, but that motion was denied by the state circuit court. Petitioner appealed this decision to the court of appeals, which dismissed the appeal on January 9, 2007.

In July 2008, petitioner filed a motion for post conviction relief, which was denied by the circuit court on September 3, 2008. Petitioner did not appeal the denial.

In October 2008, petitioner filed another motion for post conviction relief, which was denied by the circuit court in December 2008. Petitioner appealed, and the court of appeals dismissed the appeal on August 10, 2010. Petitioner filed a petition for review in the Wisconsin Supreme Court. That petition was denied on March 11, 2011. Petitioner filed this petition for a writ of habeas corpus on March 28, 2011.

OPINION

Petitioner raises several claims in his petition, including the lack of a factual basis for

2

some of his charges, the judge's failure to determine personally that the conduct to which petitioner admitted constituted a violation of the crimes with which he was charged and the perjurious testimony of a witness at the preliminary hearing. Unfortunately for petitioner, it seems that is too late for him to bring these claims. Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner may bring a habeas petition within one year from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." (Petitioner does not allege any facts in the petition that would support a finding that he is entitled to an alternate start date for his limitations period under either § 2244(d)(1)(C) (date on which constitutional right asserted first recognized by Supreme Court and retroactively applied to cases on collateral review) or § 2244(d)(1)(D) (date on which factual predicate of claims could have been discovered through exercise of due diligence).)

Petitioner's conviction became final on May 28, 2006, 90 days after the Wisconsin Supreme Court denied his petition for review. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under §2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). His one-year limitations period began to run the next day, May 29, 2006.

The proper filing of a state court motion for collateral review tolls the one-year

3

limitations period, 28 U.S.C. § 2244(d)(2). However, even assuming that each of petitioner's motions for post conviction relief was properly filed, the one-year statute of limitations appears to have run out in the time periods between the adjudication of these motions. For instance, more than a year passed between the January 9, 2007 court of appeals' dismissal of one of petitioner's appeals and the July 2008 filing of his next post conviction motion.

Accordingly, petitioner's challenges to his conviction are untimely unless he can establish circumstances showing that he can benefit from equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336 (2007) (describing doctrine of equitable tolling); § 2244(d)(1)(B) (providing that limitations period may be tolled if state impeded petitioner from filing petition sooner). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (equitable tolling granted sparingly and only when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing").

Before dismissing this petition, I will give petitioner a chance to show that he is entitled to equitable tolling of the statute of limitations. He will have until June 14, 2011 to submit both a brief explaining why he is entitled to equitable tolling and evidence

4

supporting his arguments. If petitioner fails to submit these materials by June 14, 2011, or informs the court that he is not entitled to equitable tolling of the statute of limitations, I will dismiss the petition with prejudice.

ORDER

IT IS ORDERED that the petitioner Johnson Carter has until June 14, 2011 to submit a brief explaining why he is entitled to equitable tolling as well as evidence supporting his arguments. If petitioner fails to submit these materials by June 14, 2011, or informs the court that he concedes he is not entitled to equitable tolling of the statute of limitations, I will dismiss the petition with prejudice as untimely.

Entered this 23d day of May, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge