IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON CARTER,

                                                    ORDER

                         Petitioner,

                                              11-cv-221-bbc

       v.

RANDALL H. HEPP, Warden,

                         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Johnson Carter, a prisoner at the Jackson Correctional Institution in Black River Falls, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In a May 23, 2011 order, I noted that the one-year statute of limitations to file this petition appeared to have run out, but gave petitioner a chance to show that he is entitled to equitable tolling of the statute of limitations.

       Now petitioner has submitted a brief in support of his motion for equitable tolling, as well as documents detailing the history of his post conviction motions as well as his relationship with two attorneys he hired to represent him in postconviction proceedings. Afer considering these submissions, I conclude that petitioner has failed to provide sufficiently detailed evidence allowing me to rule on his motion.  Accordingly, I will give him a final opportunity to provide evidence in support of his motion.

1

In addition, I conclude that even if petitioner is entitled to equitable tolling, he has not exhausted at least one of his claims, and will have to inform the court whether he wishes to proceed solely on his exhausted claims.

## EQUITABLE TOLLING

Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner may bring a habeas petition within one year from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction became final on May 28, 2006, 90 days after the Wisconsin Supreme Court denied his petition for review. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under §2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court).

The proper filing of a state court motion for collateral review tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2). Court records submitted by petitioner show that he filed numerous post conviction motions after his conviction became final. However, as I stated in the May 23, 2011 order in this case, even assuming that each of petitioner's motions for postconviction relief was properly filed, the one-year statute of limitations appears to have run out in the time periods between the adjudication of these motions. For

instance, more than a year passed between the January 9, 2007 court of appeals' dismissal

of one of petitioner's appeals and the July 2008 filing of his next postconviction motion.

Petitioner's argument for equitable tolling focuses on the conduct of two attorneys

he hired to represent him in post conviction proceedings.  In his brief, he argues that they

both ignored his requests to file post conviction motions until he persuaded them to do so

by threatening to complain to the Office of Lawyer Regulation.  He argues that these delays

ate up the year's worth of time he had under the statute of limitations to file his habeas

petition, and thus equitable tolling is warranted.  Petitioner's allegations are in some ways

similar to those in Holland v. Florida, 130 S. Ct. 2549, 2563-64 (2010), in which the

Supreme Court concluded that attorney misconduct could open the door to equitable tolling:

> To be sure, [Attorney] Collins failed to file Holland's petition on time
> and appears to have been unaware of the date on which the limitations period
> expired—two facts that, alone, might suggest simple negligence. But, in these
> circumstances, the record facts we have elucidated suggest that the failure
> amounted to more: Here, Collins failed to file Holland's federal petition on
> time despite Holland's many letters that repeatedly emphasized the
> importance of his doing so. Collins apparently did not do the research
> necessary to find out the proper filing date, despite Holland's letters that went
> so far as to identify the applicable legal rules. Collins failed to inform Holland
> in a timely manner about the crucial fact that the Florida Supreme Court had
> decided his case, again despite Holland's many pleas for that information. And
> Collins failed to communicate with his client over a period of years, despite
> various pleas from Holland that Collins respond to his letters.

Id. at 2564.  The Supreme Court suggested that this behavior may have been egregious

enough to warrant equitable tolling, although it remanded the case so that the determination

could be made by the lower courts.

However, at this point, petitioner's allegations are merely that—allegations.  He provides some documents indicating that he retained his attorneys and letters from the end of his relationship with each of them, but the meat of his allegations are contained in his brief, which is not a sworn statement this court can use as evidence.  As I stated in the May 23, 2011 order, petitioner should have submitted both a brief explaining why he is entitled to equitable tolling and *evidence* supporting his arguments.

Therefore, I will give petitioner a final chance to submit evidence in support of his motion for equitable tolling.  To the extent that his argument relies on his personal observations of his lawyers' conduct, he may submit an affidavit, sworn under penalty of perjury, describing those observations.  He should include any other documents he has that detail his lawyers' conduct and his efforts to diligently pursue post conviction relief, such as copies of letters he sent to them, asking about the case.


UNEXHAUSTED CLAIMS

Even if I conclude ultimately that petitioner is entitled to equitable tolling, I cannot consider the merits of a state habeas petitioner's claims unless he has exhausted the remedies available to him in the state courts.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).  When the

4

petitioner has already pursued his state court remedies but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." Perruquet, 390 F.3d at 514.  The procedural default doctrine requires that state prisoners "not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims before doing so." O'Sullivan, 526 U.S. at 854 (Stevens, J., dissenting).  Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred or (2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment.  Perruquet, 390 F.3d at 514; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001).

If a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates (1) cause for the default and actual prejudice from failing to raise the claim as required or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." Steward v. Gilmore, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

Petitioner raises the following grounds for habeas relief: (1) one of his bail jumping convictions was not "factual" because he was already incarcerated when he was charged with that crime; (2) the sentencing judge changed one of petitioner's bail jumping counts to false imprisonment; (3) the sentencing judge violated Wis. Stat. § 971.08 by sentencing petitioner without personally determining that petitioner's conduct constituted the offenses to which he pleaded guilty; and (4) one of petitioner's bail jumping convictions was not "factual" because a witness at the preliminary hearing fabricated testimony.

Petitioner states that he has exhausted each of these claims in state court.  However, examination of the state court records shows that he has exhausted his first two claims and failed to exhaust his third claim.  It is unclear from the record whether he has exhausted the fourth.  Petitioner raised his third claim (the § 971.08 claim) in his second post conviction appeal, but the Wisconsin Court of Appeals dismissed the claim as procedurally barred under State v. Escalona-Naranjo, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994), and Wis. Stat. § 974.06(4).  To the extent that petitioner is now asserting that his post conviction counsel was ineffective, such ineffective assistance can establish "cause" for a procedural default.  However, in Edwards v. Carpenter, 529 U.S. 446 (2000), the Supreme Court held that because the assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is, itself, a constitutional claim, the petitioner must have raised this claim first to the state court or he has procedurally defaulted it.  Id. at 452-53.  It appears

6

that petitioner never presented a claim of ineffective assistance of post conviction counsel to the state courts.

Thus, the question is whether petitioner still may exhaust this claim by presenting the claim of ineffective assistance of counsel to the state courts. 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented"). Wisconsin's statute governing post conviction motions, Wis. Stat. § 974.06, allows defendants to attack their convictions collaterally on constitutional grounds after expiration of the time for seeking a direct appeal or other post conviction remedy. However, a petitioner is procedurally barred from raising a claim in a post conviction motion that he could have raised earlier unless he has a "sufficient reason" for not raising the issue in his earlier motion. Escalona-Naranjo, 185 Wis. 2d at185, 517 N.W.2d at164; Wis. Stat. § 974.06(4). Ineffective assistance of post conviction counsel may provide a sufficient reason. State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 682, 556 N.W. 2d 136, 139 (Ct. App. 1996) (describing procedure for challenging effectiveness of post conviction counsel). Thus, there are avenues of relief available to petitioner in the state courts through which he could present his claim that his post conviction lawyer was ineffective for failing to raise his third claim in his original motion. The fact that the state courts are not likely to rule in petitioner's favor does not eliminate the exhaustion requirement. Cawley v.

7

DeTella, 71 F.3d 691, 695 (7th Cir. 1995); White v. Peters, 990 F.2d 338, 342 (7th Cir. 1993).

As for petitioner's fourth claim, that a witness at his preliminary hearing fabricated testimony, it is unclear from the state court records whether petitioner exhausted this claim. Although the court of appeals' records show that it considered claims in which petitioner stated that several charges were "false," they do not explain whether petitioner raised the argument regarding fabricated testimony. Because procedural default is normally a affirmative defense, Gray v. Netherland, 518 U.S. 152, 166 (1996), at this point I will not require petitioner to prove that he exhausted this claim. However, because it is possible that the state will raise this argument later in the proceedings, it may be beneficial for petitioner to submit materials (such as his briefs supporting his post conviction motions and appeals) showing that he raised this argument, when he submits evidence in support of his motion for equitable tolling.

In summary, petitioner has exhausted two claims, failed to exhaust another, and possibly failed to exhaust his fourth claim. Rose v. Lundy, 455 U.S. 509 (1982), instructs federal district courts to dismiss a petition like petitioner's that presents a mix of exhausted and unexhausted claims. Id. at 510. Alternatively, the petitioner may choose to amend his petition by deleting the unexhausted claims and then proceeding solely on the exhausted claims. Id., at 520.

8

Therefore, I will give petitioner the opportunity to decide whether he prefers to abandon his third (and possibly fourth) unexhausted claims and proceed solely on his exhausted claims.

In deciding which course of action to pursue, petitioner should consider that if he decides to give up his unexhausted claim or claims and present only the two that he has already exhausted, it is unlikely that this court would allow him to raise the unexhausted claims in a subsequent federal habeas petition. Lundy, 455 U.S. at 521 ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions.") (citing 28 U.S.C. § 2254 Rule 9(b), authorizing dismissal for abuse of the writ).

ORDER

IT IS ORDERED that

1.  Petitioner Johnson Carter has until September 7, 2011 to submit evidence supporting his motion for equitable tolling.  If petitioner fails to submit these materials by September 7, 2011, or informs the court that he concedes he is not entitled to equitable tolling of the statute of limitations, I will dismiss the petition with prejudice as untimely.

2.  Petitioner has until September 7, 2011 , within which to advise the court whether he wishes to pursue his unexhausted claim or claims in state court or whether he prefers to

amend his petition to delete the unexhausted claims and proceed solely on the exhausted claims.  If petitioner chooses to pursue unexhausted claims in state court, or if he does not report his choice by the deadline, then his petition will be dismissed without prejudice for his failure to exhaust his state court remedies, pursuant to <u>Rose v. Lundy</u>.

      Entered this 24th day of August, 2011.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge